JD:EMR
F. # 2018R00230

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | **APPLICATION FOR HISTORICAL CELL-SITE INFORMATION PURSUANT TO § 2703(d)**<br><br>No. 18-MC-680 |

APPLICATION OF THE UNITED STATES
FOR AN ORDER FOR HISTORICAL CELL-SITE INFORMATION
PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require T-Mobile US, Inc. ("T-Mobile"), a cellular service provider located in Parsippany, New Jersey, to disclose certain records and other information pertaining to the cellular telephone assigned call number (347) 235-2970, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. T-Mobile is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require T-Mobile to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and officers of the New York City Police Department ("NYPD") have been investigating three armed robberies that occurred on or about December 19, 2017, January 5, 2018, and January 18, 2018 in Queens, New York. The investigation concerns violations of Title 18, United States Code, Sections 1951(a) and 924(c). Based upon discussions with a Special Agent of the ATF, the government hereby sets forth the following specific and

articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.[1]

5. On or about December 19, 2017, a man wearing a long wig and glasses entered Aly-Marc Pharmacy at 179-41 Hillside Avenue in Queens, New York. The man placed a black duffel bag on the counter, pointed a small black gun at the pharmacy's owner and directed the owner to give him all of the oxycodone and promethazine in the store. The perpetrator then ordered the owner to give him all of the cash in the register, as well as the approximately $3,600 of cash that was in the owner's pockets.

6. The perpetrator then ran from the store. Surveillance video captured him appearing to talk on a cell phone. The video showed him entering the "F" train station at 179th Street and Hillside Avenue and passing through the turnstile using a student Metrocard. The perpetrator's wig and glasses were recovered near the entrance of the station.

7. On or about January 5, 2018, a man wearing a long wig and glasses entered a Little Ceasars Pizza store located at 218-14 Hempstead Avenue in Queens, New York, while talking on a cell phone. He pointed a small black gun at the cashier and directed her to open the cash register and the safe. The man walked behind the counter and took approximately $140 out of the register and safe as the cashier ran out of the store. The man then left the store.

8. On or about January 18, 2018, a man wearing a long wig, glasses and lipstick Aly-Marc Pharmacy at 179-41 Hillside Avenue in Queens, New York, while talking

---

[1] Because the purpose of this Application is to set forth only those facts necessary to establish that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing investigation, I have not described all of the relevant facts and circumstances of which I am aware.

3

on a cell phone. He displayed a small black gun, and demanded that the pharmacy's co-owner place in a backpack all of the medicines containing codeine in the pharmacy, along with $3,000 taken from the register. The perpetrator took the victim into the pharmacy's back room, struck him on the head multiple times with the butt of the gun, and tied his hands with zip ties.

9. The perpetrator ran from the store and fled into a subway station, where a wig was later found on the platform. Surveillance cameras again captured the perpetrator entering the subway system.

10. Officers tracked the student metrocard used by the perpetrator after the December 19, 2017 robbery and determined that the card was frequently used at the Jamaica Center subway station. Officers began doing surveillance of that station, looking for the perpetrator of the above-described robberies. On or about January 26, 2018, officers saw the defendant JACQUAN MARK STROUD pass through the turnstiles and recognized him as the perpetrator of the robberies.

11. The officers arrested the defendant, and searched him. On the person of the defendant, the officers recovered the student metrocard that was used after the December 19 robbery. The officers also recovered a loaded Taurus .380 caliber handgun along with approximately 138 oxycodone pills in the defendant's pockets.

12. At the time of his arrest, the defendant JACQUAN MARK STROUD gave his phone number as 347-235-2970. A cellular telephone with the number 347-235-2970 is operated by T-Mobile.

13. This application seeks historical cell-site information for the telephone number 347-235-2970 for the following time periods, which include the date before and the date of each of the three robberies described above:

(i) December 18-19, 2017;

(ii) January 4-5, 2018; and

(iii) January 17-18, 2018.

### REQUEST FOR ORDER

14. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to confirm JACQUAN MARK STROUD involvement in the robberies. Accordingly, the United States requests that T-Mobile be directed to produce all items described in Part II of Attachment A to the proposed Order.

Dated: Brooklyn, New York
March 2, 2018

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: ___/s/Erin Reid_____
Erin Reid
Assistant United States Attorney
(718) 254-6361

## ATTACHMENT A

### I. The Account

The Order applies to records and information associated with the cellular telephone assigned call number (347) 235-2970 (the "Account").

### II. Records and Other Information To Be Disclosed

T-Mobile is required to disclose the following records and other information, if available, to the United States for the Account listed in Part I of this Attachment, for the dates **(i) December 18-19, 2017; (ii) January 4-5, 2018; and (iii) January 17-18, 2018.**

A. The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7. Other subscriber numbers or identities (including the registration IP address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

JD:EMR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | No. 18-MC-680 |

### ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring T-Mobile US, Inc. ("T-Mobile"), a cellular service provider located in Parsippany, New Jersey, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that T-Mobile shall, within 10 days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

Dated: Brooklyn, New York
March 2, 2018

_____
The Honorable Vera M. Scanlon
United States Magistrate Judge

## ATTACHMENT A

### I. The Account

The Order applies to records and information associated with the cellular telephone assigned call number (347) 235-2970 (the "Account").

### II. Records and Other Information To Be Disclosed

T-Mobile is required to disclose the following records and other information, if available, to the United States for the Account listed in Part I of this Attachment, for the dates **(i) December 18-19, 2017; (ii) January 4-5, 2018;** and **(iii) January 17-18, 2018.**

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);
        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        3.    Local and long distance telephone connection records;
        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5.    Length of service (including start date) and types of service utilized;
        6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
        7.    Other subscriber numbers or identities (including the registration IP address); and
        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the cell towers and sectors through which the communications were sent or received.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by T-Mobile, and my official title is _____. I am a custodian of records for T-Mobile. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of T-Mobile, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of T-Mobile; and

    c.    such records were made by T-Mobile as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____  _____
Date                                     Signature